Eric James Borrell
Case Organizer
8884 Tournament Dr.
Washington Township, MI 48094
(586) 551-1276
Qualified to Represent Myself

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Eric James Borrell<br><br>Case Organizer,<br><br>Against the following elements of the Department of Defense:<br><br>Naval Facilities Engineering Command Washington<br><br>Respondent,<br><br>THE PEOPLE OF THE UNITED STATES OF AMERICA,<br><br>By their attorney,<br><br>Attorney for federal District Court of the District of Columbia | Case No.:<br><br>**COMPLAINT, Dispute of Final -50 Document and Request for Return to Full Time Navy**<br><br>Case: 1:19−cv−01160  JURY DEMAND<br>Assigned To : Unassigned<br>Assign. Date : 4/19/2019<br>Description: Employ. Discrim. (H−DECK) |

For the United States District Court for the District of Columbia, to the honorable presiding judge, Greetings:



RECEIVED
Mail Room

APR 1 9 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

STATUTES INVOLVED

**List of statutes involved:**

The Americans with Disabilities Act of 1990 (42 U.S.C. § 12101)

UNITED STATES DISTRICT AND BANKRUPTCY
COURTS FOR THE DISTRICT OF COLUMBIA

COMPLAINT

### I. Time in Question for Case

The time in question as repeatedly mentioned in this case refers to the time Case Organizer Eric Borrell spent as Full Time Naval Service in Washington D.C. and greater area including Bethesda, MD during reassignment, or regional-engineer assignment, to or in Naval Facilities Engineering Command Washington between 22-23 February 2012 and 19 January 2014.

### II. Timeliness of Dispute and Request

In the previous five years plus since separation Case Organizer Eric Borrell has considered every other option in pursuit of returning to Full Time Navy. At the time of filing this case the organizer has applied to and has failed to be selected in approximately sixty (60) Community Planner or Interdisciplinary Community Planner/Architect/Civil Engineer positions in the Navy. Going by official records including salary, promotions and standard personnel actions during his Full Time Naval service the organizer is at minimum, arguably the most qualified person in the history of the U.S. Navy for these positions giving fair consideration to past divisions between military, civilian, and Naval service within the Navy. Thus, at time of this filing the organizer has concluded that negative connotation from the final -50 document has unfairly done damage to reputation amongst selection managers for return to Full Time service.

### III. Location of Filing(s)

At time of filing Case Organizer would like to make it clear to the court there was no easy decision on jurisdiction of filing. Given the Navy's global and geographical presence involving multiple underlying geographies within the United States District Court boundaries complicated the matter. Decision has been made to file originally in the United States District Court for the District of Columbia due to when and where a majority of the time in question took place involving the case organizer and dispute with Naval Facilities Engineering Command Washington (NAVFAC Washington). If requested, the case organizer will file duplicate copies of the case to additional United States District Courts as required.

### IV. Reasons for COMPLAINT, Disputing the final -50 Document and Request for Return to Full Time Navy

a. At the time in question, based on the previously stated and documented salary, promotions, personnel actions as well as requirements as documented in the internet Naval Facilities Assets Data Store (iNFADS) database the organizer was/is arguably preponderant provider to the Navy. Given this position the organizer asks the court if it was fair for a decision to be made by one person only, Deputy Public Works Officer Caroline Koch, without his permission or input, and without permission or input from a working group – for example, other supervisors and human resources personnel at NAVFAC Washington.

b. In and around the time in question organizer Eric Borrell was Naval Service. Naval service defined as military and civilian service, is therefore also military service. Despite this the decision and document came from only one civilian. Organizer asks the court if this was fair?

c.  In the time leading up to issue of the final -50 Eric Borrell was at his residence in Washington D.C. Communication by U.S. mail and phone had been occurring between the Command, NAVFAC Washington and the case organizer. Because this back and forth communication took place it is obvious the command knew of his address and physical location. Despite this the final -50 was issued containing the term AWOL. For clarification a civilian AWOL just means using up leave time. Military AWOL means one goes missing and abandons their own country and people. In opinion of Case Organizer, this was a malicious way to play both sides of the meaning and attempt to damage his future. This became the case because future events for return to Full Time service required submission of the -50 as a part of an application package to selection managers. Case Organizer makes these statements and accusations towards NAVFAC Washington and asks the court if it was fair?

d.  During the time in question a telework agreement was signed by DPWO Caroline Koch allowing work from a virtual installation to be completed by Case Organizer Eric Borrell. This factor was never considered in the decision made affecting separation. Working from residency (a virtual installation) was only assumed to be non-productive. Case Organizer asks the court if this was fair?

e.  At the time in question Case Organizer was/is arguably preponderant provider to the Navy. This is fully documentable, and once again is based on previous salary, promotions, personnel actions and in originally produced Navy information technology systems. Case Organizer makes COMPLAINT to the court with accusation there was a malicious intent by NAVFAC Washington to remove him during the time in question. Case Organizer asks the court if his removal was fair?

f.  Case Organizer Eric Borrell asks the court what he has ever done unethically in the Navy.

g.  Case Organizer Eric Borrell asks the court to weigh documented history of successful performance which is all verifiable in -50 personnel actions (and performance appraisals) in 5 years, 10 months, 16 days of Full Time Naval Service versus the decision made on the final -50 in 1 day, and question if it was unfair at the minimum?

h.  In the time in question Case Organizer was blocked from physical registration in boot camp as a part time Seabee in the Naval Facilities Engineering Command Reserve Force. This occurred in summer 2013. Blocking of the travel order can be proved in the Defense Travel System (DTS). Up to the time given his successful performance was it fair for NAVFAC Washington to block this travel order with no supporting reasons? Electronic registration into the Naval Facilities Engineering Command Reserve Program continued anyway and Case Organizer has not been able to receive direct pay from the Navy in this role. Organizer has worked part-time in a non-pay status since 19 January 2014. Giving all considerations to his specific situation in the Navy Reserve, Case Organizer questions if it is fair there has yet to be an option for activation to Full Time service and pay?

i.  During the time in question leading to official separation approved on 19 January 2014 Case Organizer was contacted by DPWO Caroline Koch while he was in combination of on leave and working from home from his residence. The DPWO directed Case Organizer to write a statement to defend his position to stay in the government Full Time. Case Organizer completed the statement and sent it to the DPWO. Without providing an opportunity to discuss the situation further in person with a follow-up meeting the DPWO made the decision to force Case Organizer's separation without a follow-up. In the opinion of Case Organizer Eric Borrell the follow-up was fully expected before being unexpectedly blind-sided by the decision and subsequent delivery of the final -50 document. The case organizer asks the court if this was fair?

j.  Following separation from Full Time on 19 January 2014 Case Organizer Eric Borrell lost his security clearance based on falsely inputted informational sources by NAVFAC Washington. This information was false and contained no supporting documentation. Taking of his security

clearance (loss of jurisdiction) would be a contributing factor preventing Case Organizer from working Full Time in his own field for approximately the next four years. The case organizer asks the court if this was fair?

k.  In and around the time in question it was talked about by some of Eric Borrell's co-workers involved that there was a fear of him in days following the Navy Yard shooting. The Case Organizer feels comparisons to a terrorist was another example of malicious intent being used against him by NAVFAC Washington. Case Organizer asks the court was this fair?

l.  During the time in question the case organizer had been on various types of leave, one including medical leave covered under the family medical leave act. The case organizer sites the primary factor(s) contributing to his medical status being the aforementioned reasons. The case organizer asks if it was fair for NAVFAC Washington to take the actions it did leading to his separation and not factor in medical considerations as well as violate the Americans with Disabilities Act of 1990 (42 U.S.C.  § 12101). Case Organizer asks the court if this was fair?

m.  During the time in question the case organizer had received successful performance appraisals that were signed for approval by DPWO Caroline Koch. The DPWO was the case organizer's Supervisory Architect responsible for professional performance approval. The case organizer asks if it was fair for the actions described above to be taken against him although his performance was at a successful level?

**V. Gray Areas to Address**

As previously noted the case organizer at the time in question had been in the Naval Service. It is asked to be noted that the previously mentioned reasons for the COMPLAINT addressed gray areas are an effort for fairness in the reality of his service being both military and civilian. Case Organizer further stresses it is not an attempt to unfairly take advantage of both sides as he believes was done to him. For further clarification, if requested, Case Organizer is willing to communicate on additional gray areas.

n.  Addressing a gray area, for the time in question it was unclear if organizer was officially assigned to NAVFAC Washington (Reassignment) or temporarily on Regional-Engineer assignment from Naval Facilities Engineering Command Southeast (NAVFAC Southeast) in NAVFAC Washington. Since organizer spent the majority of his Naval career in NAVFAC Southeast, and it was unclear the exact meaning of the term Reassignment, he asks if fair for NAVFAC Washington to make this decision without any say from NAVFAC Southeast, who was by gray area argument his home Command.

o.  An additional gray area to address was the complications of a tri-level organizational manpower structure that existed during the time in question. Reiterating, this included Military, Civilian, and Naval Service. The case organizer states that amongst his peers and supervisors it was difficult to determine who was what in terms of ranking. Case organizer makes statement that in the straight military command line CDR Burr Vogel, the Public Works Officer (PWO) was his military supervisor during the time in question. Case organizer points out that his military supervisor had no say or input in the decision made and asks if it was fair? Reiterating from above, based on previous salary, promotions, personnel actions and requirements the case organizer arguably held the most positive weight in the Navy of his peers and supervisors. Case organizer is not asking the committee to rule on these two (2) factors as prevailing to the decision made but only consider them in fairness for the relief requested in this case.

**VI. Request for Relief**

1. Based on the above reasons for fairness the organizer requests the terminology be changed in the final -50 document as was approved on 19 January 2014. Request is to recognize the entirety of the case organizer's overall Naval career and amend wordings that have been detrimental towards return to Full Time service. On the final -50 document (enclosure) the following is requested:

   a. For box 5-B. Nature of Action: change from 'Removal' to 'Separation'
   b. For boxes 5-C. Code + 5-D. Legal authority erase terminologies with relationship to original term 'Removal' in box 5-B.
   c. For box 6-B. Nature of action populate with data element 'Reserve Force' and for box 6-A. Code populate with corresponding proposed code in box 6-B. Nature of Action.
   d. For box 45. Remarks in second line change from Reason(s) for removal: 'Absence without leave'. ; to Reason(s) for Separation: 'Expiration of Term of Service'.;

2. Case Organizer Eric Borrell requests immediate relief for return to Full Time Navy through activation to Full Time via the Naval Reserve Force. Full time relief is requested to a lateral position with time cost of living adjustments from salary of 83183.00 at the time of separation on 19 January 2014. As referenced in section .IV letter h. above regarding the reserve force program, the request for relief is in the Naval Civil Engineering Core (CEC) school in Port Hueneme, CA – the original program destination location. Or, anywhere else within the Naval Facilities Engineering Command there is requirement for a lateral position as a Full Time Community Planner or Interdisciplinary Community Planner/Architect/Civil Engineer.

**Enclosures:**
-50 document dated 19 January 2014
Application to Proceed in Forma Pauperis
Civil Cover Sheet
Consent to Proceed Before a United States Magistrate Judge
Summons in a Civil Action
Summons-FOIA
Motion for Leave to File
Certificate of Service

MOTION FOR LEAVE TO FILE

In the

**UNITED STATES DISTRICT AND BANKRUPTCY
COURTS FOR THE DISTRICT OF COLUMBIA**

I, Case Organizer Eric Borrell request a Motion for Leave to File by mail because I do not live in close proximity to the physical court located at 333 Constitution Avenue, N.W., Washington D.C. 20001. My current residence is at 8884 Tournament Drive, Washington Township, MI 48094.

Date: 04/16/2019

Applicant's Signature: _Eric J. Borrell_

Printed Name:             ERIC J. BORRELL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing COMPLAINT, Dispute of Final -50 Document and Request for Return to Full Time Navy was served by first-class mail, postage prepaid, on the 17th day of

April, 2019, upon:

Naval Facilities Engineering Command Washington

1314 Harwood St., SE, Building 212

Washington Navy Yard, DC 20374-5018

ATTN: Commanding Officer

Date: 04/16/2019

Applicant's Signature: _Eric J. Borrell_

Printed Name: ERIC J. BORRELL