UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC JAMES BORRELL,

    *Plaintiff*,

v.

NAVAL FACILITIES ENGINEERING
COMMAND WASHINGTON,

    *Defendant*.

Civil Action No. 1:19-cv-01160 (CJN)

## MEMORANDUM OPINION

Plaintiff Eric James Borrell, proceeding *pro se*, alleges that he was improperly terminated from his civil service position with the Naval Facilities Engineering Command ("NAVFAC"), a division of the Department of the Navy, because the action lacked due process, defamed him, violated the Rehabilitation Act, 29 U.S.C. § 794, and improperly deprived him of his security clearance. *See generally* Compl., ECF No. 1. The government moves to dismiss for lack of subject-matter jurisdiction. *See generally* Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 9. The Court agrees that it lacks jurisdiction and grants the Motion.

    **I.**    **Background**

According to the Complaint and a supporting attachment, Borrell accepted a permanent, competitive, civilian position as a Community Planner at NAVFAC's Bethesda, Maryland office in February 2012. Compl. ¶ I; Notification of Personnel Action ("SF-50"), ECF No. 1-3.[1]

---

[1] Of course, on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), "[w]hile the [Court] may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction, [it] must still accept all of the factual allegations in the [C]omplaint as true." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal quotations and citations omitted).

1

Borrell's supervisor, Deputy Public Works Officer Caroline Koch, approved a telework arrangement to permit him to work from home part-time due to unspecified medical conditions. Compl. ¶ IV(d). Borrell alleges that he received positive performance evaluations throughout his tenure, consistent with his experience in previous NAVFAC positions in other offices. *Id.* ¶ IV(g).

In January 2014, a dispute arose between Borrell and Koch over Borrell's absence from work. *Id.* ¶ IV(i). Borrell asserted that his absence was due to a combination of approved telework and medical leave, and he submitted a written statement to that effect. *Id.* ¶¶ IV(i), (l). But rather than following up with him to work through the problem, Koch initiated procedures to separate Borrell involuntarily. *Id.* ¶ IV(i). NAVFAC terminated Borrell's employment on January 19, 2014. *Id.*; *see also* SF-50.

Borrell spent the next five years unsuccessfully applying to over sixty civil service positions in his field. Compl. ¶ II. He then filed this suit on April 19, 2019, over five years after his termination. *See generally id.* The Complaint contains several allegations that NAVFAC deprived him of due process and generally treated him unfairly, including claims that Koch, a civilian, made the decision to terminate Borrell without consulting military officers or human resources professionals on the staff, *id.* ¶¶ IV(a)–(b); that the organization knew Borrell was at his home (the address for which was on file) but declared him absent without leave (a term which, in military parlance, refers to personnel who have gone missing altogether), *id.* ¶ IV(c); that the decision to terminate him was inconsistent with his successful performance in the position, *id.* ¶¶ IV(e)–(g), (m); and that the organization prevented his participation in a Navy Reserve program, *id.* ¶ IV(h). Borrell also alleges that his termination violated the Rehabilitation Act because he was fired while on medical leave. *Id.* ¶ IV(l). In addition to his due-process and

disability claims, Borrell alleges that his supervisors intentionally damaged his reputation by maliciously mischaracterizing his departure. *Id.* ¶ II.  Finally, Borrell claims that his termination resulted in the loss of his security clearance without his knowledge, thereby depriving him of future employment opportunities. *Id.* ¶ IV(j).  Borrell seeks correction of his personnel record, reinstatement to a comparable position, and backpay. *Id.* ¶ VI.

The government moves to dismiss for lack of subject-matter jurisdiction.  *See generally* Def.'s Mem. of P. & A. in Support of Def.'s Mot. to Dismiss Pl.'s Compl. ("Mot."), ECF No. 9-1.  It argues that jurisdiction over Borrell's due-process claims rests with the Merit Systems Protection Board, *id.* at 4–5; that Borrell failed to exhaust administrative remedies on his disability claim, *id.* at 5–6; that the Federal Tort Claims Act bars actions against the federal government for defamation or misrepresentation, *id.* at 6–8; and that discretionary actions regarding security clearances are not subject to judicial review, *id.* at 8.

## II.     Legal Standard

"[T]he party asserting federal jurisdiction . . . has the burden of establishing it," and the Court presumes that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)).  The Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  "For this reason, 'the Plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed. 1987)).  The Court "may

consider materials outside the pleadings in deciding whether to grant [the Motion]." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### III. Analysis

#### A. Due-Process Claims

As the government correctly notes, "the Civil Service Reform Act of 1978 . . . , 5 U.S.C. § 1101 *et seq.*, . . . established a comprehensive system for reviewing personnel action taken against federal employees." Mot. at 4 (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (internal quotation omitted)). "If the agency takes final adverse action against the employee [including termination], the [Act] gives the employee the right to a hearing and to be represented by an attorney or other representative before the Merit Systems Protection Board." *Elgin*, 567 U.S. at 5 (citing 5 U.S.C §§ 7513(d), 7701(a)(1)–(2)). "An employee who is dissatisfied with the [Board's] decision is entitled to judicial review in the United States Court of Appeals for the Federal Circuit," which has "'exclusive jurisdiction' over appeals from a final decision of the [Board]." *Id.* at 6 (quoting 28 U.S.C. § 1295(a)(9)) (citing 5 U.S.C. § 7703(b)(1)). "[A]n appeal [to the Board] must be filed no later than 30 days after the effective date . . . of the action being appealed." 5 C.F.R. § 1201.22(b)(1).

Borrell was a member of the competitive Civil Service and therefore comes within the scope of the Civil Service Reform Act. *See* 5 U.S.C. § 7511(a)(1)(A); SF-50 (indicating that Borrell was a member of the competitive service).[2] It is undisputed that Borrell did not appeal to

---

[2] Portions of Borrell's Complaint assert that he was employed in neither a civilian nor a military capacity but was instead a member of the "Full Time Naval Service." *See, e.g.*, Compl. ¶ 1; *see also id.* ¶ II ("Going by official records including salary, promotions and standard personnel actions during his Full Time Naval service, [Plaintiff] is at minimum, arguably the most qualified person in the history of the U.S. Navy for these positions giving fair consideration to past divisions between military, civilian, and Naval service within the Navy."); *id.* ¶ IV(b) ("In and around the time in question [Plaintiff] was Naval Service. (sic) Naval service defined as military and civilian service, is therefore also military service. (sic) Despite this the decision and

the Merit Systems Protection Board. *See* Molly A. Leckey Decl., ECF No. 9-2 (asserting that the Board has no record of any appeal by Borrell). Because the Act "provides the exclusive avenue to judicial review when a qualifying employee challenges an adverse employment action," *Elgin*, 567 U.S. at 5, the Court lacks subject-matter jurisdiction over Borrell's due-process challenges to his termination.

### B. Rehabilitation Act Exhaustion of Administrative Remedies

The government next argues that the Court lacks jurisdiction over Borrell's disability-discrimination claim because he failed to exhaust administrative remedies.[3] *See* Mot. at 5–6. The Rehabilitation Act requires that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of . . . his disability, . . . be subjected to discrimination . . . under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). The Act incorporates the employment discrimination standards of the Americans with Disabilities

---

document came from only one civilian." (sic)) But the official documentation of Borrell's termination, which he attached to his Complaint, affirmatively lists him as a civilian employee at the GS-12 pay grade. *See* SF-50. Although Borrell also makes passing reference to some involvement in the Navy Reserve, *see, e.g.*, Compl. ¶ IV(h) ("In the time in question [Plaintiff] was blocked from physical registration in boot camp as a part time Seabee in the Naval Facilities Engineering Command Reserve Force. . . . Giving all consideration to his specific situation in the Navy Reserve, [Plaintiff] questions if it is fair there has yet to be an option for activation to Full Time service and pay?"), the Court is unaware of any separate employment category entitled "Full Time Naval Service," and the Complaint does not explain the label. Because the Complaint does not provide enough information to enable the Court to infer any claim arising from Borrell's possible service in the military, and because the official document Borrell attached to his Complaint confirms that his work at NAVFAC was in a civilian capacity, the Court analyzes Borrell's claims under the assumption that they arise from his civilian employment. Borrell does not appear to raise any claim for relief under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301–35.

[3] The Complaint styles the discrimination as a violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12201 *et seq*. But because the Rehabilitation Act governs federal employment, the Court construes the claim as alleging disability discrimination under the Rehabilitation Act. The legal standards are the same under either statute. *See* 29 U.S.C. § 794(d) (incorporating the ADA's standards).

Act. *Id.* § 794(d). It also incorporates Title VII's administrative-exhaustion requirement and available remedies for federal employees. *See id.* § 794a(a)(1) (incorporating 42 U.S.C. § 2000e-16). Under the applicable regulation, federal employees alleging disability discrimination must initiate an administrative complaint "within 45 days of the effective date of the [personnel] action." 29 C.F.R. § 1614.105(a)(1).

"For claims against federal agencies, exhaustion requires submitting a claim to the employing agency itself." *Doak v. Johnson*, 798 F.3d 1096, 1099 (D.C. Cir. 2015). "The obligation to initiate one's claim in the government agency charged with discrimination is 'part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel primary responsibility for maintaining nondiscrimination in employment.'" *Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 34 (D.C. Cir. 2014) (quoting *Kizas v. Webster*, 707 F.2d 524, 544 (D.C. Cir. 1983)). Unlike under Title VII, the Rehabilitation Act limits judicial review to "any employee . . . aggrieved by the final disposition of [his administrative] complaint, or by the failure to take final action on such complaint." 29 U.S.C. § 794a(a)(1). Courts have interpreted that language to require strict compliance with the exhaustion requirement and as depriving courts of jurisdiction over cases in which the complainant failed to file an administrative claim. *See Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) ("Such jurisdictional exhaustion . . . may not be excused." (internal quotation omitted)).

It is undisputed that Borrell never filed an administrative complaint with the agency. *See* Deanner P. White Decl., ECF No. 9-3 (stating that the Department of the Navy's Equal Employment Opportunity office has no record of any complaint by Borrell). For his part, Borrell argues that it is unjust to permit wrongdoing and discrimination merely because the alleged

6

victim waited too long to complain or went to court rather than to an administrative office to file his grievance. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Compl. ("Resp.") at 2, ECF No. 11 ("Right is right and wrong is wrong. There is not an expiring time table. (sic) The Plaintiff disagrees with Defendant's argument that because the . . . case was filed over five years from separation that it somehow makes the violation of a federal law acceptable."). But Congress chose to give agencies the primary responsibility to redress grievances and gave preference to immediate resolution over litigation years after the fact. *See Barkley*, 766 F.3d at 34. The Court therefore cannot exercise jurisdiction over Borrell's Rehabilitation-Act claim.

### C. Defamation or Misrepresentation

Borrell next alleges that his supervisors maliciously included language in the documents accompanying his termination with the intention of harming his future employment prospects and have thereby "unfairly done damage to [his] reputation amongst [government] selection managers." Compl. ¶ II. He states that he has applied for approximately sixty government jobs without success and attributes the results to the paperwork in his file. *Id.* The language at issue includes a characterization of the termination as a "[r]emoval" rather than a "[s]eparation" and a statement that his departure was due to his "[a]bsence without leave" rather than the "[e]xpiration of [his] term of service." Compl. ¶ VI(1); *see also* SF-50.

But as the government notes, the United States has not waived its sovereign immunity as to claims for defamation and misrepresentation. *See* Mot. at 6. "Tort claims against the federal government are only actionable to the extent that it has waived its sovereign immunity, which it has done for *some* tort claims through the Federal Tort Claims Act." *Francis v. Perez*, 256 F. Supp. 3d 1, 5 (D.D.C. 2017) (emphasis added) (citing 28 U.S.C. § 1346). The United States has expressly retained sovereign immunity as to "[a]ny claim arising out of . . . libel, slander, [or] misrepresentation." 28 U.S.C. § 2860(h). Borrell's claim is therefore barred by sovereign

7

immunity, thus depriving the Court of subject-matter jurisdiction. *See Smalls v. Emanuel*, 840 F. Supp. 2d 23, 34 (D.D.C. 2012) (dismissing defamation and misrepresentation claims against the United States for lack of subject-matter jurisdiction).

### D. Security Clearance Lapse

Finally, Borrell alleges that the improper termination caused his security clearance to lapse, thereby preventing him from seeking similar jobs that require a clearance. Compl. ¶ IV(j). In Borrell's words, he "lost his security clearance based on falsely inputted (sic) informational sources by NAVFAC Washington. This information was false and contained no supporting documentation. Taking his security clearance . . . would be a contributing factor preventing [Borrell] from working . . . in his own field for approximately the next four years." *Id.* Borrell elaborates on this allegation in his briefing on the Motion to Dismiss, in which he indicates that he did not discover the loss until three years after termination. Resp. at 2. He states that in 2017 he obtained a position with a defense contracting firm in California, only to be let go a week later once the company discovered that Borrell no longer had a clearance. *Id.* Because Borrell was no longer a Department of the Navy employee, he had no administrative avenue for challenging the loss of his clearance. *Id.*

Unfortunately for Borrell, the Court lacks jurisdiction over his claim. To the extent the loss of a clearance flowed directly from Borrell's termination, it is subsumed into his challenge to the termination itself. As the Court noted above, only the Merit Systems Protection Board could have exercised jurisdiction over that claim. *See supra* Section III.A. But even the Board lacks jurisdiction over the military's decision to grant, deny, or revoke a security clearance. "It should be obvious that no one has a 'right' to a security clearance." *Dep't of the Navy v. Egan*, 484 U.S. 518, 528 (1988). "The grant [or withdrawal] of a clearance requires an affirmative act of discretion on the part of the granting official. . . . [T]he protection of classified information

8

must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it." *Id.* at 528–29. For those reasons, "it is not reasonably possible for an outside nonexpert body to review the substance of such a judgment." *Id.* at 529.

Borrell's briefing makes much of the effects he continues to feel as a result of the loss of his clearance, perhaps seeking to overcome any time bar to his other claims. Resp. at 2. But courts of appeals around the country have consistently held that "security clearance determinations are not subject to judicial review," even when plaintiffs allege that the determinations were the result of illegal discrimination. *Hesse v. Dep't of State*, 217 F.3d 1372, 1377 (Fed. Cir. 2000) (collecting cases); *see also Guillot v. Garrett*, 970 F.2d 1320, 1324–25 (4th Cir. 1992) (holding that judicial review of a clearance determination is not available in a suit under the Rehabilitation Act), *superseded by statute on other grounds as recognized by Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 633–34 (6th Cir. 1999). The Court must therefore dismiss the claim for lack of subject-matter jurisdiction.

## IV.   Conclusion

To seek review of his termination, Borrell was required to appeal to the Merit Systems Protection Board by February 18, 2014. To complain of disability discrimination, he had to bring the allegations to the attention of a Department of the Navy Equal Employment Opportunity counselor by March 5, 2014. Rather than taking either of those steps, Borrell waited over five years and then went straight to court. Because he did not comply with the administrative processes designed to handle his claims, the Court lacks jurisdiction over the subject matter of this suit. Sovereign immunity and deference to the Executive Branch on matters of national security likewise preclude his remaining claims. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. Borrell's Complaint is **DISMISSED**. An Order will be issued contemporaneously with this Memorandum Opinion.

DATE:  May 11, 2020

CARL J. NICHOLS
United States District Judge